THE ROMAN CATHOLIC APOSTOLIC CHURCH IN PORTO·
RICO *v.* THE PEOPLE OF PORTO RICO.

Suit filed in the Supreme Court as a court of original jurisdiction.

No. 3.—Decided April 27, 1906.

ORIGINAL JURISDICTION OF SUPREME COURT.—The Act of March 10, 1904, conferring original jurisdiction upon the Supreme Court to hear and determine certain suits does not authorize that court to take cognizance of a suit wherein amounts due and owing to the clergy and not to the Catholic Church are sought to be recovered.

ID.—RESPONSIBILITY OF THE PEOPLE OF PORTO RICO FOR THE ACTS OF MILITARY GOVERNMENT.—The Organic Law does not make The People of Porto Rico responsible for acts of the Government established in Porto Rico during the years 1898 and 1899 in not paying moneys appropriated for any purpose in the Appropriation Act of 1898 and 1899, nor can it be maintained that The People of Porto Rico assumed such responsibility in passing the said law of March 10, 1904, which only conferred jurisdiction upon the Supreme Court to hear and determine claims which really existed against The People of Porto Rico.

The facts are stated in the opinion.

*Mr. Hernández López* for plaintiff.

*Messrs. Feuille, Attorney General; Hartzell and Rodríguez Serra,* special counsel for defendant.

MR. JUSTICE WOLF delivered the opinion of the court.

The amended complaint in this case, so far as the claims of the clergy are concerned, shows that Bishop Blenk, as the head of the Roman Catholic Church, brings this suit as the representative of said clergy. It is practically asserted that such clergy are the real parties in interest, and the prayer of the complaint is that the payments be made to them. No principle, practice or precept of civil or canonical law is adduced by which the claim here presented becomes or is the claim of the Roman Catholic Church in Porto Rico. The clergy are the real parties in interest. They are *sui juris,* and no impediment is alleged which would prevent them from exercising or maintaining a suit to recover their rights. Indeed, they have constituted the Bishop of Porto Rico their attorney in fact, and this is another indication of their having full power to act for themselves, and that the sums claimed would be due to them and not to the church. At the hearing of the case it was asserted by the attorney for the plaintiff that powers of attorney were taken through excess of caution, and no special authority to the Bishop was necessary. Nevertheless there is nothing which militates against the idea that each of the clergy named in the complaint is capable of appearing for himself and suing for the sum alleged to be due him. We are therefore of the opinion that the real parties in interest are the specific persons named in the complaint, and not the Roman Catholic Church in Porto Rico, and that there is nothing in the Act of March 10, 1904, constituting this court a special tribunal, which would authorize us to take jurisdiction of that part of the complaint as amended which relates to the money alleged to be due to the clergy. In this connection section 51 of the Code of Civil Procedure would seem to have some bearing.

With respect to the whole complaint, including the claims made for the repair of churches and the like, there is another consideration which shows that the court is without jurisdiction to entertain this action. The People of Porto Rico was constituted a body politic by section 7 of the Organic Act

"with governmental powers as hereinafter conferred and with power to sue and be sued as such," and it is only a body politic by reason of that act. (*Snow* v. *U. S.*, 18 Wall., 320; *Mormon Church* v. *U. S.*, 136; U. S., 1; *Insular Cases,* volume 182 of the U. S. Reports.)

The People of Porto Rico can only be sued by reason of something contained in the Organic Act, by reason of its assumption of some duty or obligation, or by reason of some other act or default committed by it. There is nothing in the Organic Act which makes The People of Porto Rico responsible for the failure of the Government constituted here in 1898 and 1899 to pay sums designed for any purpose by the budget of 1898-1899. We find no language therein which would devolve upon The People of Porto Rico any responsibility for the acts or defaults of its predecessors. The question then arises whether The People of Porto Rico by the law of March 10, 1904, or by any other legislative measure has made itself responsible for the failure of the budget. This statute says:

"Section 1.—Original jurisdiction is hereby conferred on the Supreme Court of Porto Rico for the trial and adjudication of all questions now existing, or which may arise, between the Roman Catholic Church in Porto Rico and The People of Porto Rico, affecting property rights, whether real or personal or mixed, claimed by either party."

But these words of themselves do not give rise to a claim which did not exist therefor and neither the law, nor any of the history connected with it discloses any intention on the part of the legislature to assume the payments of the sum which it is alleged were due to the plaintiff in 1898 or 1899. We know of no other act, step or action on the part of the defendant here which made it answerable for the payments which the plaintiff is claiming. There are no facts shown or which it seems to us can be shown which would make this action a claim against The People of Porto Rico.

This court was specially constituted to adjudicate claims against The People of Porto Rico, or against the municipalities, and although the action is nominally against The People of Porto Rico, no such cause of action is actually stated and for the reasons set forth the court is without jurisdiction to consider the amended complaint and the same must be dismissed.

*Dismissed.*

Justices Figueras and MacLeary concurred.

Mr. Justice Figueras concurred because he was of the opinion that the Supreme Court was without jurisdiction to take cognizance in this case of a personal action to recover money the origin of which was not a title to real property in controversy.

Mr. Chief Justice Quiñones dissented.

Mr. Justice Hernández did not sit at the hearing of this case.